IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00151-MR

| TOBIAS LEMARIO MCNEIL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| GOV. ROY COOPER, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's *pro se* Petition for Writ of Habeas Corpus. [Doc. 1].

The Petitioner is a prisoner of the State of North Carolina. He has filed the present Petition for Writ of Habeas Corpus, arguing that both the North Carolina state courts and the United States federal courts lack jurisdiction over him as a "Moorish National in his proper person." [Doc. 1 at 3].

Because the Plaintiff has paid the fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent

authority of the court, even when the filing fee has been paid") (citing <u>Mallard v. United States Dist. Ct. for S.D. of Iowa</u>, 490 U.S. 296, 307-08 (1989)).

In its frivolity review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

Here, the Petitioner asserts that no American court, whether state or federal, may assert jurisdiction over him because he considers himself to be a "Moorish National in his proper person." [Doc. 1 at 3]. The Petitioner's allegations are frivolous and fail to state a claim upon which relief can be granted. See <u>United States v. White</u>, 480 F. App'x 193, 195 (4th Cir. 2012) (rejecting criminal defendant's claim on direct appeal that the district court lacked jurisdiction over his prosecution because he is Moorish American, <u>i.e.</u>, he is the descendant of freed slaves and not a U.S. citizen, but rather, confiscated human property). Accordingly, the Petitioner's Petition for a Writ

2

Case 3:19-cv-00151-MR   Document 3   Filed 10/13/20   Page 2 of 3

of Habeas Corpus will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's *pro se* Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is directed to close this case.

Signed: October 12, 2020

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge